

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3409 | **DATE** | 6/25/2001 |
| **CASE TITLE** | HELLER BROTHERS BEDDING, INC. vs. LEGGETT & PLATT, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to dismiss Counts IV and V [5-1] is granted. Counts IV and V are dismissed without prejudice. The motion to dismiss the counterclaim [4-1] is denied. Heller Borthers Bedding, Inc. is directed to answer the counterclaim by 7/9/01. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 2 8 2001 date docketed | 11 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | CM docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 6/26/2001 date mailed notice | |
| sb | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 27 PM 7:49 Date/time received in central Clerk's Office | PG mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELLER BROTHERS BEDDING, INC., )
an Illinois corporation, )
                               Plaintiff, )   No. 01 C 3409
)
)   Suzanne B. Conlon, Judge
v. )
)
LEGGETT & PLATT, INCORPORATED, )
a Missouri corporation, )
)
                               Defendant.

## MEMORANDUM OPINION AND ORDER

Heller Brothers Bedding, Inc. "(Heller Bros.") sues Leggett & Platt, Inc. ("Leggett") for breach of implied warranty of fitness for a particular purpose (Count I), breach of implied warranty of merchantability (Count II), breach of express warranty by affirmation, promise, and description (Count III), violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 *et seq.* (Count IV), and fraud (Count V). Leggett counterclaims for breach of contract and moves to dismiss Counts IV and V, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). Heller Bros. moves to dismiss the counterclaim, pursuant to Fed.R.Civ.P. 8, 9(c), and 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996). Heller Bros. is an Illinois corporation with its principal place of business in Cook County, Illinois. The corporation makes mattresses and beds for consumer use and sells

primarily to Chicago-area furniture stores. Leggett is a Missouri corporation with a plant located in DuPage County, Illinois. The corporation manufactures bedding components and sells them to manufacturers.

In late 1997, a Leggett employee and salesperson approached Randy Heller ("Heller") of Heller Bros. and informed him that Leggett could offer a better price than he was currently paying for the same standard, grade, and quality of bedding foam. Heller accepted this offer and agreed to pay for the foam products within 30 days of delivery. Heller Bros. subsequently made numerous purchases of Leggett's foam for use in its bedding.

In 1998, a significant number of Heller Bros.' customers began returning the mattresses they purchased. They complained the mattresses developed "pockets," "dead spots," and/or deep body impressions within a relatively short time after purchase. Leggett representatives repeatedly assured Heller Bros. that the problems with its foam were temporary and correctable. In addition, Carrie Zeissler, a Leggett customer service representative, informed Heller Bros. on several occasions that Leggett's foam was "at least as good or better" than the standard grade and quality that Heller Bros. purchased from its previous manufacturer. Based on these representations, Heller Bros. continued to buy foam from Leggett. By June 2000, the level of customer returns was still increasing. At this point, Heller Bros. ceased doing business with Leggett. Leggett contends Heller Bros. owes an outstanding balance of $45,000 for foam products that Leggett has already delivered.

# DISCUSSION

## I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## II. Motion to dismiss Counts IV and V

### A. Rule 12(b)(6)

Statements of opinion are not actionable under the Illinois Consumer Fraud Act or common law fraud. *See e.g., Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997); *Lefebvre Intergraphics, Inc. v. Sanden Mach Ltd.*, 946 F.Supp. 1358, 1364 (N.D. Ill. 1996). Leggett contends the fraud claims are not actionable because Heller Bros. relies on employee opinions that Leggett's foam was suitable. This is not a fair reading of Heller Bros.' complaint. The complaint alleges that Leggett employees made various false representations *pertaining to* the suitability of the foam. These misrepresentations included statements regarding the foam's standard, grade, and quality, the source of the foam's problems, and the temporary nature of these problems. *See* Cmplt. at ¶¶ 7, 34, 47.[1]

---

[1] Paragraphs 31 and 43 of the complaint, standing alone, suggest Heller Bros. relied on an opinion about the suitability of the foam. Drawing all inferences in favor of the plaintiff, these paragraphs should be read in conjunction with paragraph 7. Heller Bros. sufficiently alleges

-3-

Leggett further contends Counts IV and V should be dismissed because one of the alleged misrepresentations is a promise of future behavior and, thus, is not actionable as fraud. Specifically, Count IV alleges Leggett employees promised they would do anything to keep Heller Bros.' business. The fraud claims are not dependent upon this statement. Instead, Heller Bros. relies on statements about the quality of Leggett's foam and the inherent nature of the foam's defectiveness. *See* Cmplt. at ¶¶ 31, 36, 44, and 48. Drawing all inferences in favor of Heller Bros., the complaint states a cause of action for fraud.

### B. Rule 9(b)

Allegations of fraud and the circumstances constituting fraud must be stated with particularity.[2] Fed.R.Civ.P. 9(b). To allege fraud with particularity, a plaintiff must "specifically aver the identity of the persons making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *DeLeon v. Beneficial Construction Company*, 55 F.Supp.2d 819, 825 (N.D. Ill. 1999) (internal quotations and citations omitted). Rule 9(b) is meant to ensure defendants receive fair notice. *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384, 405 (7th Cir. 1984). However, the rule's requirements are less stringent in cases where the details are uniquely within the defendant's knowledge. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994).

Leggett contends the fraud claims are not stated with sufficient particularity because the complaint does not identify: (1) the names of all the individuals allegedly making

---

misstatements of fact.

[2]Rule 9(b)'s pleading requirements apply to claims brought under the Illinois Consumer Fraud Act. *DeLeon v. Beneficial Construction Company*, 55 F.Supp.2d 819, 825 (N.D. Ill. 1999).

misrepresentations; and (2) the locations and dates of the misrepresentations. Heller Bros. identifies Leggett employees Carrie Zeissler, Bill Edwards, and Chris Justice as sources of misrepresentations regarding the suitability of Leggett's foam. Heller Bros. further alleges other unnamed Leggett employees made similar misrepresentations. In addition, Heller Bros. alleges an unnamed Leggett employee made the initial misrepresentation that induced Heller to buy. Heller Bros. expects discovery will reveal the identities of the unnamed Leggett employees.

Failure to allege the names of those making misrepresentations does not necessarily mandate dismissal. Heller Bros.' complaint does not implicate individual Leggett employees. Leggett is the sole defendant. Under these circumstances, Heller Bros. provides sufficient 9(b) notice by identifying the individuals making the misrepresentations as Leggett employees. *Blaz v. Michael Reese Hospital Foundation*, 191 F.R.D. 570, 574 (N.D. Ill. 1999) (actual names of individuals making misstatements do not have to be alleged as long as they are identified as employees of corporate defendant). *See also Emery v. American Gen. Fin., Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1999) ("We don't want to create a Catch-22 situation in which a complaint is dismissed because of the plaintiff's inability to obtain essential information, without pretrial discovery . . ."). In addition, the fact that Heller Bros.' complaint fails to cite the exact dates of the alleged misrepresentations does not warrant dismissal. Heller Bros. identifies the general time frame in which the alleged misrepresentations occurred. This is sufficient for purposes of Rule 9(b). *Pucci v. Litwin*, 828 F.Supp. 1285, 1297 (N.D. Ill. 1993).

Heller Bros.' failure to include the location of the alleged misrepresentations and the content of each alleged misrepresentations are more problematic. To respond properly to a charge of fraud, Leggett needs to know the location of the alleged misrepresentations. *Sequel*

*Capital Corporation v. Airship International, Ltd.*, 148 F.R.D. 217, 219-20 (N.D. Ill. 1993) (dismissing complaint for failure to state location of fraudulent statements). Heller Bros. has no excuse for failing to describe the location of the misrepresentations because the statements were allegedly made to Heller himself and not a third party. *See id.* at 220.

Similarly, there is no excuse for Heller Bros.' failure to allege the content of each misrepresentation pertaining to problems with the foam. Heller Bros. lists two specific comments merely as examples and alleges that Leggett employees made other fraudulent statements regarding the foam's suitability. "[T]o respond properly to a charge of fraud, defendants need to be appraised of the specific comments that are claimed to constitute falsehoods." *Id.* Accordingly, Counts IV and V must be dismissed without prejudice.

### III. Motion to dismiss the counterclaim

Heller Bros. contends Leggett's counterclaim lacks the specificity required under Fed.R.Civ.P. 8 and 9. Specifically, Leggett does not identify whether its claim is based on a written or oral agreement and does not allege a general time frame regarding Heller Bros.' alleged non-payments. Heller Bros. further contends Leggett does not state a breach of contract claim because the company to properly: (1) cite the Uniform Commercial Code as the applicable statute; (2) attach relevant invoices to its counterclaim; and (3) allege the fulfillment of a condition precedent. These arguments lack merit.

To state a breach of contract claim under Illinois law, a counter-plaintiff must allege: (1) the existence of a valid and enforeceable contract; (2) contract performance by the counter-plaintiff; (3) breach of contract by the counter-defendant; and (4) resulting injury to the counter-

plaintiff. *Priebe v. Autobarn,* 240 F.3d 584, 587 (7th Cir. 2001). Leggett has undisputedly satisfied each of these requirements.

Contrary to Heller Bros.' unsupported assertions, Leggett is not required to explain whether the contract was written or oral and is not required to cite payment dates or applicable statutes. *See Powell Duffryn Terminals, Inc. v. CJR Processing, Inc.,* 808 F.Supp. 652, 654 (N.D. Ill. 1992) (a complaint does not need to point to the applicable statute to survive a motion to dismiss). Under federal notice pleading requirements, "the court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a [counterclaim]." *Id.* Additionally, there is no requirement that Leggett allege fulfillment of a condition precedent or attach relevant documents. Accordingly, Heller Bros.' motion to dismiss the counterclaim lacks merit.

## CONCLUSION

The motion to dismiss Counts IV and V is granted. The motion to dismiss the counterclaim is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 25, 2001